# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MARVIN FORD,                          )
                                      )
            Movant,                   )
                                      )
      v.                              )        No. 4:09-CV-426 CAS
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Marvin Ford's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government filed a response in opposition. Movant did not file a traverse, and the time to do so has expired. Therefore, this matter is ready for decision. For the following reasons, movant's Motion to Vacate will be denied.

### I. Background

On August 29, 2005, movant was indicted and charged with possession with intent to distribute in excess of five (5) grams or more of a mixture or substance containing cocaine base (crack), in violation of Title 21, U.S. Code, Sections 841 (a)(1) and 841 (b)(1)(B)(iii). The Federal Public Defender was appointed to represent movant.

On December 15, 2005, movant's appointed attorney, Felicia A. Jones, filed a motion to suppress statements and evidence and to disclose the identity of a confidential source. The government opposed the motions and an evidentiary hearing was held before United States

Magistrate Audrey G. Fleissig[1] on December 22, 2005.  On December 28, 2005, Judge Fleissig filed a Report and Recommendation of United States Magistrate Judge, in which she recommended that defendant's motion to suppress evidence and statements, and request for disclosure of a confidential source be denied.  Movant filed objections to the Magistrate Judge's Report and Recommendation. This Court overruled movant's objections and sustained and adopted the Report and Recommendation.

A two-day trial was held beginning on March 27, 2006.  Following submission of the evidence, the jury found movant guilty of possession with intent to distribute more than five grams of cocaine base.  The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered.

In the PSR, which was prepared on May 5, 2006, movant's total offense level was determined to be 26, and his criminal history was calculated to be a category V, based upon a total of ten criminal history points.  See PSR at 2 and 6.  Under the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") movant's sentencing range was calculated to be 110 to 137 months, however, "since the statutory minimum penalty is ten years (120 months), pursuant to section 5G1.1(c)(2), the guideline range becomes 120 to 137 months."  Id. at 12.

The undersigned held a sentencing hearing on June 20, 2006, at which both sides had an opportunity to be heard.  The Court sentenced movant to the mandatory minimum term of imprisonment of 120 months pursuant to Title 21, U.S.C. Section 851, followed by 8 years of supervised release.

---

[1]On June 9, 2010, the Honorable Audrey G. Fleissig was sworn in as United States District Court Judge for the Eastern District of Missouri.

With the assistance of counsel, movant filed a timely appeal, which was submitted to the Eighth Circuit Court of Appeals on the record of the district court. United States v. Ford, 248 Fed. Appx. 768 (8th Cir. 2007). In his appeal, movant argued: (1) the district court erred in admitting movant's prior conviction at trial; and (2) there was insufficient evidence to support the verdict. On April 9, 2007, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. Movant filed a petition for writ of certiorari with the Supreme Court, which was denied on April 28, 2008. Ford v. United States, 553 U.S. 1026 (2008).

In the Motion to Vacate presently before the Court, movant asserts the following grounds for relief:

Ground One: The search and seizure involved in this case (1) violated the Fourth Amendment of the United States Constitution in that it was based upon hearsay by an unidentified "reliable source" and therefore, the affidavit was not issued based on probable cause; (2) "reliable sources" in the St. Louis Police Department are notoriously "unreliable"; and (3) permitting the government to withhold the identity of the alleged "reliable source" violated the Fourth Amendment in that movant was not allowed to confront this witness. See Doc. 1 at 2-5.

Ground Two: Movant's trial counsel was ineffective in that she (1) failed to inquire as to the basis for the police officer to determine that the "reliable source" was indeed reliable; (2) failed to challenge the laboratory report as well as the chain of custody; (3) failed to have a sample of the substances independently tested in order to confirm or deny the accuracy of the government's testing; (4) failed to challenge the jurisdiction of this Court; (5) failed to challenge on constitutional grounds the distinction between cocaine base and cocaine powder; (6) failed to preserve errors at trial; (7) failed to raise issues on appeal; (8) failed to identify and determine the makeup of and the selection process for the grand jury; and (9) failed to request a copy of the grand jury proceedings. Id. at 5-8.

Ground Three: Movant's conviction was the result "of an improper and unconstitutional assumption of jurisdiction by this Court." Id. at 8.

Ground Four: The statute and Guidelines under which movant was convicted and sentenced are unconstitutional in that (1) they violate the Fourteenth Amendment right to equal protection; (2) police officers have racially profiled African-

Americans by expending large portions of their resources on the arrest of persons involved with cocaine base, a largely "black" crime, as opposed to powder cocaine; (3) the statute imposes criminal penalties without consideration of drug-addicted persons, who suffer from a disability under the Americans with Disabilities Act ("ADA"). Id. at 9-10.

Ground Five: Movant was effectively denied his right to appeal and assist in his preparation of an appeal because defense counsel failed or refused to provide movant with a copy of the trial transcript. Id. at 10.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

4

### III.  Discussion

**A.      Trial Transcript**

On February 19, 2009, prior to the filing of his Motion to Vacate, movant filed a motion in his closed criminal case for a copy of the complete trial transcript.  The motion was denied as premature, because movant did not have a non-frivolous § 2255 motion pending at the time.  See United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) (holding motion for preexisting records and transcripts is premature prior to filing of habeas corpus complaint).  Since that time, movant has not filed a subsequent motion for the trial transcript.  Movant, however, does state in several sections of his Motion to Vacate that he requires the trial transcript to assert additional, unspecified claims.  To the extent these statements in his Motion to Vacate can be construed as a motion for trial transcript, the motion should be denied.

Prisoners may seek a copy of a court transcript at the government's  expense by filing a motion in an action under 28 U.S.C. § 2255.  In a proceeding brought pursuant to § 2255, fees for transcripts for persons proceeding in forma pauperis shall be paid by the United States out of moneys appropriated for those purposes upon certification by the trial judge that the suit "is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).

Here, movant has not provided sufficient information regarding his request for the Court to determine whether transcripts should be provided pursuant to 28 U.S.C. § 753(f). Movant does not state to which specific claim or claims in his § 2255 motion the requested transcript relates. He also has not stated why the transcript is necessary to decide any such claim.  In one section of his Motion to Vacate, movant states generally that his counsel failed to preserve errors at trial, and

that he requires the transcript to identify those errors. Movant, however, gives no indication whatsoever as to what those errors might be. Movant is not entitled to obtain the trial transcript "merely to search for grounds for relief." Thompson v. Housewright, 741 F.2d 213, 215 (8th Cir. 1984) (citing Bonner v. Henderson, 517 F.2d 135 (5th Cir.1975)). Accordingly, to the extent movant's statements in his Motion to Vacate that he requires a copy of the trial transcript can be construed as a motion for transcript pursuant to 28 U.S.C. § 753(f), the motion should be denied because movant has not made a showing that the transcript is necessary to "decide the issue presented by the suit or appeal" Id.

**B.    Claims That Could Have Been Raised on Appeal**

In his Motion to Vacate, movant makes a number of claims that could have been raised on appeal. Movant could have raised on appeal the claims he makes in Ground One – that the search and seizure violated the Fourth Amendment of the United States Constitution in that it was based upon hearsay by confidential source and therefore, the affidavit was not issued based on probable cause; that, in general, confidential sources in the St. Louis Police Department are notoriously "unreliable" and have been the subject of scandals, and therefore the search warrant was "patently suspect"; and that permitting the government to withhold the identity of the allegedly "reliable source" violated the Fourth Amendment in that movant was not allowed to confront this witness. See Doc. 1 at 2-5. Movant also could have raised in his direct appeal the claims he makes in Ground Three – that his conviction was the result "of an improper and unconstitutional assumption of jurisdiction by this Court", Id. at 8; and in Ground Four – that the statute and Guidelines under which he was convicted and sentenced violate the Fourteenth Amendment right to equal protection; that police officers have racially profiled African-Americans by expending large

6

portions of their resources on the arrest of persons involved with cocaine base, a largely "black" crime, as opposed to powder cocaine; and that the statute imposes criminal penalties without consideration of drug-addicted persons, who suffer from a disability under the ADA. Id. at 9-10.

If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Frady, 456 U.S. at 168; Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U .S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007). Ineffective assistance of counsel in failing to raise a claim on appeal can amount to cause to lift a procedural bar. Becht v. United States, 403 F.3d 541, 545 (8th Cir.

7

2005).  The deficient performance, however, must have been so ineffective as to violate the Constitution.  Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

Movant does not make a claim of actual innocence and he has not attempted to show cause for his failure to raise the claims in Grounds One, Three, and Four on direct appeal.  Although movant does not assert ineffective appellate counsel as cause to lift the procedural bar, he does allege in Ground Two that his appellate counsel was ineffective for failing to raise a number of these issues on appeal, including claims regarding the use of the "unidentified reliable source," the unconstitutional search and seizure, the improper assumption of federal jurisdiction, and the unconstitutional distinction made in the Guidelines between cocaine base verus powder cocaine.  See Doc 1 at 7.

To establish ineffective assistance of appellate counsel, movant must show that counsel's performance was deficient and that he was prejudiced by the deficient performance.  See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The deficient performance standard for failing to raise a claim on appeal is "rigorous."  United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008).  Counsel is not required to raise every potential issue on appeal.  Indeed, the Supreme Court has recognized the "importance of winnowing out weaker arguments on appeal" and focusing on a few key issues.  Jones v. Barnes, 463 U.S. 745, 751-52 (1983).  Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy."  Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (quotation omitted).  See also Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2005) ("[w]hen appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a ineffective assistance claim based on allegations that

counsel was deficient for failing to assert some other claims . . . [b]ecause one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue.") (citations omitted). On a claim of failure to raise an issue on appeal, the question is not whether counsel's decision to omit an issue on appeal "was an intelligent or effective decision, 'but rather whether his [or her] decision was an unreasonable one which only an incompetent attorney would adopt.'" Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996) (quoting Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir.1988), cert. denied, 488 U.S. 1019 (1989)).  If there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under Strickland.  Garrett, 78 F.3d at 1305 (8th Cir. 1996).  See also Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010) (where double-jeopardy claim was without merit, counsel's failure to raise the claim at trial could not constitute ineffective assistance); Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) ("Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance).

Here, movant's appellate counsel, Felicia Jones, raised two issues on appeal: that the district court erred in admitting movant's prior conviction at trial; and there was insufficient evidence to support the verdict.  After reviewing the record before the Court, the undersigned does not find Ms. Jones's appellate performance was constitutionally deficient for failing to raise the claims movant raises in Grounds One, Three and Four, because all of these claims would have been dismissed without merit on appeal.

9

**1.    Claims regarding the search and seizure and the confidential source**

The Court is precluded from reviewing movant's claims regarding the search and seizure and the undisclosed reliable source because these claims could have been raised on appeal and were not, and movant has not met the cause and actual prejudice test to lift the procedural bar. During the pretrial proceedings, movant's attorney objected to the search and seizure and moved that evidence and statements obtained therefrom should be suppressed.  She also moved for the disclosure of the identity of the government' confidential source.  Movant had an evidentiary hearing on these issues, and Judge Fleissig issued a detailed and well-reasoned Report and Recommendation, in which she recommended that the Court deny movant's pretrial motions.  The Court adopted the Report and Recommendation and denied movant's motion to supress and for disclosure of the confidential source.  Movant did not appeal these issues.

Movant does not argue there is cause to lift the procedural bar, but in Ground II of his Motion to Vacate, movant argues that his appellate counsel was constitutionally ineffective because she should have raised the issue of the "use of an 'unidentifiable reliable source'" on appeal – although he does not specify exactly what aspect of the "unidentifiable reliable source" issue should have been appealed.  In general, the government's use of reliable confidential sources to support search warrants has been upheld as constitutional.  <u>See</u>, <u>e.g.</u>, <u>United States v. Alcantar</u>, 271 F.3d 731, 739 (8th Cir. 2001).  Therefore, any argument that the use of a "unidentifiable reliable source" violates the Constitution in general would have failed, and it was not prejudicial to movant for his counsel to have not raised any such claim on appeal.

10

Furthermore, movant has not argued or presented any evidence to establish that the particular confidential source that was used in this case was indeed unreliable, other than to state, without any documented support, that the St. Louis Police Department's confidential sources are notoriously unreliable.  In this case the government presented testimony at the evidentiary hearing that the confidential source the government had used had previously provided reliable information that had led to several drug seizures and the arrests of and charges against nine other individuals.  See Report and Recommendation at 2.  Movant presented no evidence or information at the hearing or in his current motion to refute the government's testimony that the confidential source had proven to be reliable in the past.  Movant's generalized assertion about the unreliability of the confidential sources used by the St. Louis Police Department is not enough.  Based on the record before it, the Court finds there was no basis for movant' appellate counsel to have appealed the issue that the particular confidential source used in this case was unreliable, and the claim would have failed on appeal.

As for movant's argument that his appellate counsel should have argued on appeal that the search and seizure were unconstitutional, again movant does not specify in what sense he believes the search and seizure was unconstitutional.  To the extent movant is arguing that his counsel should have appealed the determination that the search warrant was supported by probable cause, any such claim would have failed on appeal.  As set forth in the Report and Recommendation, which was adopted by this Court:

> Probable cause [to support a valid search warrant] may be found in hearsay statements from reliable persons, Illinois v. Gates, 462 U.S. 213, 245 (1983); in hearsay statements from confidential informants corroborated by independent investigation, Draper v. United States, 358 U.S. 307, 313 (1959); or in observations made by trained law enforcement officers, McDonald v. United

States, 335 U.S. 451, 454 (1948); United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003), cert. denied, 541 U.S. 1081 (2004).

See Report and Recommendation at 9-10.

In this case,

[T]he officers had received information from a confidential informant who had proved reliable in the past and whose information had led to drug seizures and the arrest of and charges against nine individuals. The officers thereafter corroborated that information through their own surveillance on three separate occasions, during which they observed a large amount of traffic in which individuals entered the Residence for a very brief period of time or engaged in what appeared to be hand-to-hand transactions with Defendant. The [confidential source ("CS")] had also been inside the Residence within a few hours prior to obtaining the warrant and had again observed Defendant breaking down a larger amount of crack cocaine into distribution quantities. The officers also confirmed through their own investigation that an individual named Marvin Ford, who matched the description given by the CS, lived at the Residence, and that Marvin Ford was on probation for a prior cocaine conviction, and the CS identified a picture of Defendant as the "Marvin" he had previously observed.

Id. at 10. Despite movant's generalized protestations to the contrary, there was ample probable cause to support the search warrant in this case. See United States v. Underwood, 364 F.3d 956, 963 (8th Cir. 2004) (information from reliable informant and corroborated by independent officer investigation sufficient for probable cause), vacated and remanded on Booker grounds, 125 S.Ct. 1037 (2005); United States v. Gabrio, 295 F.3d 880, 882 (8th Cir. 2002) (probable cause found based on firsthand information of reliable informant); United States v. Pennington, 287 F.3d 739, 742-43 (8th Cir. 2002). Here, police surveillance of movant's residence corroborated statements from the confidential source that movant was dealing drugs from his apartment, such that there was probable cause to issue the search warrant. Movant was not prejudiced by his counsel's

failure to raise the issue of the lack of probable cause on appeal, because the claim was without merit and would have failed.  Garrett, 78 F.3d at 1305.

### 2.        Claim regarding federal jurisdiction

There is also insufficient cause to lift the procedural bar as to movant's claim that the Court lacked federal jurisdiction over his case.  Although movant does not specifically argue that there is cause to lift the procedural bar, in Ground Two movant does claim that it was ineffective assistance of appellate counsel for his attorney not to have raised the jurisdictional issue on appeal. Had the claim been raised on appeal, however, it too would have been dismissed without merit.

Movant was prosecuted for a violation of Title 21 U.S.C. §§ 841(a) and 841 (b)(1)(B)(iii). Movant objects to jurisdiction in federal court because the investigation was initiated not by federal officials, but by city law enforcement officers.  Movant offers no authority for his argument that this Court did not have jurisdiction over his case, other than his unsupported assertion that the United States government had no reason to enter into his case.  Had movant's appellate counsel raised this claim on appeal, it would have failed.

As a general matter, the Eighth Circuit has held that intrastate drug activity affects interstate commerce, and that Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause.  See United States v. Patterson, 140 F.3d 767, 772 (8th Cir.), cert. denied, 119 S. Ct. 245 (1998).  The fact that the St. Louis Police Department was the authority that first investigated and arrested movant does not defeat federal jurisdiction.  The sovereign that first arrests a defendant has primary jurisdiction, but a state may elect under the doctrine of comity to relinquish primary jurisdiction to the United States.  United States v. Dowdle, 217 F.3d 610

13

(8th Cir. 2000).  Moreover, it is not uncommon for state and federal laws to overlap, and prosecution by multiple sovereigns does not violate rights under the Constitution.  See Heath v. Alabama, 474 U.S. 82 (1985) ("When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" (quoting United States v. Lanza, 260 U.S. 377, 382 (1922)).  Movant has not cited to any controlling legal authority and there is nothing in the record to indicate that this Court did not have proper jurisdiction over movant's case.  It was not ineffective assistance of appellate counsel not to have challenged federal jurisdiction because the claim would have been dismissed as non-meritorious on appeal.

### 3.    Claims challenging constitutionality and validity of Guidelines.

The claims movant raises in Ground Four are also procedurally barred.  In Ground Four, movant contends that (1) the Guidelines violate the Fourteenth Amendment right to equal protection because cocaine base is punished more severely than cocaine powder; (2) police officers have racially profiled African-Americans by expending large portions of their resources on the arrest of persons involved with cocaine base, a largely "black" crime, as opposed to powder cocaine; (3) the statute imposes criminal penalties without consideration of drug-addicted persons, who suffer from a disability under the ADA.  All of these claims could have been raised on appeal, but were not, therefore they are procedurally barred.  What is more, movant cannot establish cause to lift the bar on these claims.  It was not ineffective assistance of appellate counsel not to have raised these claims on appeal, because had they been raised, they would have been dismissed without merit.

14

The Eighth Circuit has consistently held that the disparate sentencing range between crack cocaine and powder cocaine does not violate the Equal Protection Clause.  See United States v. McClellon, 578 F.3d 846, 861 (8th Cir.2009); United States v. Clary, 34 F.3d 709, 712 (8th Cir.1994); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (finding that § 841(b)(1)'s mandatory minimum does not violate due process or equal protection rights).  As for movant's claim of racial profiling, there is no evidence in the record that movant was a victim of racial profiling.  And it is not a violation of the ADA for the federal government to prosecute persons with drug addictions.  42 U.S.C. § 12131 (federal government is not a "public entity" within the meaning of the ADA).  Moreover, movant has not even asserted that he suffered from drug addiction or that he even qualifies under the ADA.  42 U.S.C. §12114(a) ("a qualified individual with a disability shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use"); Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197, (2002);(holding an ADA plaintiff must establish that he or she has an impairment that substantially limits a major life activity); Gretillat v. Care Initiatives, 481 F.3d 649, 652 (8th Cir. 2007) (same).  All of these claims are simply frivolous and would have been summarily dismissed on appeal.

### 4.    Summary of Procedurally Barred Claims

In sum, the claims movant raises in Grounds One, Three, and Four are procedurally barred because they could have been raised on direct appeal and were not.  Movant does not argue there is cause to lift the bar, and he does not make a claim of actual innocence.  Movant does maintain in a separate claim, Ground Two, that his appellate counsel was constitutionally ineffective for failing to raise a number of these claims.  Ineffective assistance of appellate counsel can amount

15

to cause, but movant has offered no support for his argument that counsel's failure to raise these issues amounts to constitutionally deficient performance such that the procedural bar should be lifted. Movant's claim that his appellate counsel should have raised these issues does not amount to contrary evidence to rebut the assumption that counsel's decision to winnow the issues to those she did appeal was anything but sound appellate strategy. Jones, 463 U.S. at 751-52; Link, 469 F.3d at 1205; Roe, 160 F.3d at 418. Based on the record before it, the Court cannot conclude that movant's attorney's decision to limit the appeal to the issue she did raise was unreasonable or that she was incompetent – especially because had the claims been raised on appeal, they would have been dismissed without merit. As movant cannot establish counsel was constitutionally ineffective for failing to raise these issues on appeal, he cannot establish cause to excuse the default and this Court is precluding from reviewing the claims here. See Frady, 456 U.S. at 168; Matthews, 114 F.3d at113. The claims raised in Grounds One, Three, and Four are dismissed as procedurally barred. In the alternative, the claims in Grounds One, Three and Four are dismissed without merit.

## C.    Ineffective Assistance of Counsel

In Ground Two movant lists numerous alleged errors by his trial and appellate counsel. Movant alleges Ms. Jones was constitutionally ineffective as counsel in that she: (1) failed to inquire as to the basis for the police officer to determine that the confidential counsel was reliable; (2) failed to challenge the veracity of the laboratory report regarding the seized drugs, as well as the chain of custody; (3) failed to have a sample of the substances independently tested in order to confirm or deny the accuracy of the government's drug testing; (4) failed to challenge the jurisdiction of this Court; (5) failed to challenge on equal protection grounds the distinction in the

16

Guidelines between cocaine base and cocaine powder; (6) failed to preserve unspecified errors at trial; (7) failed to raise issues on appeal; (8) failed to identify and determine the makeup of and the selection process for the grand jury; and (9) failed to request a copy of the grand jury proceedings. Id. at 5-8.

To prevail on an ineffective assistance of trial counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 68 F.3d at 241. When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Even if there is sufficient proof that the first prong exits, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

17

This Court chooses to address the prejudice prong of the <u>Strickland</u> test first.  Movant presents a long list of supposed errors made by his counsel, but he provides no explanation as to how he was prejudice by any of these errors – that is, how the outcome of his trial or appeal would have been different but for the supposed errors.  After reviewing the record before it, the Court finds movant cannot establish that he was prejudiced as a result of any of the alleged deficiencies made by his counsel.

In Ground Two movant faults his counsel for failing to challenge the reliability of the confidential source the police used in this case.  As addressed above, movant has provided no evidence or set forth any information to show that the confidential source was unreliable, other than to make a general statement that the St. Louis Police Department uses notoriously unreliable sources in their investigation.  This is not enough to establish a claim.  There is nothing in the record to suggest that had Ms. Jones challenged the veracity of the confidential source used in this case, she would have uncovered information to discredit the source and invalidated the search.  In fact, the evidence suggests otherwise.

In Ground Two movant also faults his counsel for failing to scrutinize the testing and handling of the evidence that was used in this case.  In regard to his trial counsel's alleged failure to challenge the reliability of the laboratory report, to investigate the chain of custody, or conduct independent testing of the substances seized, movant does not claim, let alone provide information to establish that errors were made in the reports or chain of custody, or that the results of the testing would have been different.  <u>See</u>, <u>e.g.</u>, <u>Walls v. Bowersox</u>, 151 F.3d 827, 835 (8th Cir. 1998) (finding petitioner had failed to establish prejudice from trial counsel's allegedly deficient performance in not obtaining additional testing; petitioner made no showing that such testing

18

"would have revealed exculpatory or mitigating information" and offered only "speculation" that testing might have done so). Based on the record before it and controlling law, the Court cannot find movant was prejudiced by his counsel's actions regarding the laboratory report, chain of custody, and drug testing.

In Ground Two movant claims his counsel's performance was deficient because she failed to challenge on equal protection grounds the distinction in the Guidelines between cocaine base and cocaine powder. As discussed <u>supra</u>, any such motion would have been dismissed as frivolous. <u>See</u> <u>McClellon</u>, 578 F.3d at 861; <u>Clary</u>, 34 F.3d at 712; <u>Mendoza</u>, 876 F.2d at 641. An attorney is not ineffective for failing to raise meritless claims <u>Thomas</u>, 951 F.2d at 904; <u>cf.</u> <u>United States v. Rodriguez</u>, 612 F.3d 1049, 1055 (8th Cir. 2010) (criminal defendant does not have a right to an attorney who will "docilely do as she is told" or advance meritless legal theories). Movant was not prejudiced by his counsel's failure to raise a frivolous equal protection argument.

In Ground Two movant also claims his trial counsel failed to preserve errors at trial. But movant has not identified what these alleged errors are. Movant's claim regarding his trial counsel's alleged failure to preserve unspecified errors at trial is entirely conclusory and without more information, the Court cannot find a deficiency in trial counsel's performance, let alone prejudice. <u>Estes v. United States</u>, 883 F.2d 645, 647 (8th Cir. 1989) (finding a conclusory allegation, such as that counsel "rendered a lot of misadvice," is "insufficient to rebut the strong presumption of counsel's competence." ); <u>United States v. Goodman</u>, 590 F.2d 705, 711 (8th Cir. 1979) (holding that conclusory allegations unsupported by specific facts may be summarily dismissed). <u>See</u> <u>also</u> <u>Sinisterra v. United States</u>, 600 F.3d 900, 911 (8th Cir. 2010) (to obtain relief, a § 2255 movant must show that there is a reasonable probability that if an objection had

19

been made, it would have been sustained, and the result of the proceeding would have been different).

Defendant also alleges in Ground Two that his appellate counsel rendered ineffective assistance of counsel in that she failed to raise a number of issues on appeal including: the improper use of a confidential source; the unconstitutional search and seizure; the improper assumption of federal jurisdiction; the unconstitutional distinction between cocaine base and cocaine powder; and the unreliability of the laboratory analysis.  As addressed in detail above, all of these claims are without merit and would have been dismissed on appeal.  Movant cannot establish prejudice based on his appellate counsel's failure to raise a non-meritorious claim on appeal.  Garrett, 78 F.3d at 1305 (no prejudice because the claim was without merit and would have failed on appeal).

In Ground Two movant also admonishes his counsel's performance with regard to the grand jury.  Movant does not explain, however, how the grand jury was defective and what objections his counsel should have made with respect to the grand jury.  He also does not state what the grand jury records would have shown had his counsel been able to obtain them.  United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994), cert. denied, 514 U.S. 1056 (1995). ("[i]t is well-established that a showing of 'particularized need' is necessary before [a] court will accede [to the release of grand jury records]" and "[a] long line of cases in this Circuit note that 'a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the "particularized need" requirement.' ")(citing to United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994).  Movant's claims with regard to the grand jury are again only based on speculation.  Movant does not explain or provide any information to show that

20

there was indeed a defect in the grand jury proceedings.  Even if his counsel had made inquiries about the composition of the grand jury and the grand jury proceedings, there is nothing to indicate there was a defect or anything improper about the grand jury, or that the results of the proceedings would have been different.

Finally, in Ground Two movant argues all of the above-listed errors together amount to cumulative error by his counsel such that he is entitled to post-conviction relief.  The Eighth Circuit has repeatedly rejected the cumulative error theory of post-conviction relief.  See Brown; 528 F.3d at 1034; Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006), cert. denied, 127 S. Ct. 980 (2007).

In sum, movant lists in Ground Two a number of alleged errors made by his counsel.  Movant cannot establish, however, that he was prejudiced by any of these alleged errors, and his claims fail under Strickland, 466 U.S. at 687.  All of the ineffective assistance of counsel claims movant raises in Ground Two are dismissed without merit.

### D.      Denial of Right to Appeal

In Ground Five, movant alleges that he was effectively denied his right to an appeal because his counsel failed or refused to give him a copy of the trial transcript.  As stated supra, movant is not entitled as a matter of right to a copy of the trial transcript.  United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) (no absolute right to a transcript, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."); United States v. MacCollom, 426 U.S. 317, 324-325 (1976).  But even if movant were entitled to copy of the transcript, movant cannot establish prejudice because he has not identified, even generally, what

was in the transcript that would have changed the outcome of his appeal.  <u>Garrett</u>, 78 F.3d at 1306.

## IV.  Conclusion

The Court finds the claims movant raises in Grounds One, Three and Four are procedurally barred because they could have been raised on direct appeal, and movant has not established sufficient cause to lift the procedural bar.  Therefore, these claims are not reviewable in a § 2255 motion to vacate, set aside or correct sentence.  In the alternative, the claims raised in Grounds One, Three and Four are without merit.  As for movant's claims in Ground Two for ineffective assistance of counsel, movant has failed to establish prejudice as to any of the alleged deficiencies made by his counsel.  Finally, the claim raised in Ground Five is without merit because movant was not entitled to a trial transcript, and he cannot establish how the outcome of his appeal would have been different had he had a copy of the trial transcript.

Accordingly,

**IT IS HEREBY ORDERED** that movant Marvin Ford's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [Doc. 1]

**IT IS FURTHER ORDERED** that movant Marvin Ford has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 332, 338 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

22

An appropriate judgment will accompany this Memorandum and Order.


CHARLES A. SHAW
**UNITED STATES DISTRICT JUDGE**


Dated this __21st__ day of March, 2012.

23